UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | ) | |
| --- | --- | --- |
| | ) | Criminal No. 4:09-227 |
| vs. | ) | |
| | ) | ORDER |
| Frank Costa Rogers | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion to dismiss the indictment, filed March 16, 2010. (Doc. # 77).[1] The government filed a response in opposition on April 5, 2010. (Doc # 91). A hearing on defendant's motion was held on April 19, 2010. This matter is now ripe for disposition.

The defendant is charged with a violation of 18 U.S.C.A. 2250(a), which as part of the Sex Offender Registration and Notification Act ("SORNA"), makes it a federal felony for a person who is required to register under SORNA and who travels in interstate commerce to knowingly fail to register or to update his registration as required by SORNA.

---

[1] By way of background, the Court notes that defendant originally filed a motion to dismiss on May 20, 2009. (Doc. # 36). A response in opposition was filed by the government on July 28, 2009. (Doc. # 44). The defendant filed an amended motion to dismiss on August 21, 2009. (Doc. # 52). The Court set this amended motion for a hearing to be held on October 20, 2009. The government filed a response in opposition to the amended motion on October 9, 2009. (Doc. # 64). On October 20, 2009 (the day of the scheduled hearing for the amended motion to dismiss), a plea agreement was filed, defendant withdrew his amended motion to dismiss, and entered a guilty plea to Count 1 of the Indictment. In the plea agreement, the government and defendant entered into stipulated sentence of 15 months pursuant to Rule 11(c)(1)(C). A pre-sentence investigation report was prepared and the case was set for sentencing on January 28, 2010. The pre-sentence investigation report concluded that pursuant to a total offense level of 13, and a criminal history category IV, that defendant was facing a guideline range of 24-30 months. At sentencing, the Court rejected the plea agreement and stipulated sentence entered into be the parties. Defendant withdrew his plea, and the case was returned to the active docket. Thereafter, the instant motion was filed.

1

On February 24, 2009, a grand jury in South Carolina charged defendant with violating Title 18 U.S.C. § 2250(a) when "[f]rom in or around January 2008, through in or around January 2009, in the District of South Carolina and elsewhere, the Defendant, Frank Costa Rogers, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and did knowingly fail to register."

Section 2250(a) is a part of the Adam Walsh Child Protection and Safety Act of 2006 ("Act"), which was signed into law on July 27, 2006. *See* Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109-248, 120 Stat. 587 [hereinafter Act]. Title I of the Act is entitled the "Sex Offender Registration and Notification Act" ("SORNA"); the portions of SORNA relevant here are the registry requirements for sex offenders, 42 U.S.C. § 16913, and the new federal crime established for failure to comply with the registration requirements, 18 U.S.C. § 2250.

More specifically, SORNA's registry requirement provision states:

(a)     In general:

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b)     Initial registration

The sex offender shall initially register--
(1)    before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2)    not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c)     Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence,

2

employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d)     Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e)     State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

42 U.S.C.A. 16913.

Pursuant to 42 U.S.C.A. § 16913(d), the Attorney General issued an interim regulation ("SORNA Regulation") on February 28, 2007, stating that the "requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." Applicability of the Sex Offender Registration and Notification Act, 28 C.F.R. § 72.3 (2007).

18 U.S.C.A. 2250 makes it a felony offense for a person (1) who is required to register under SORNA; (2) who travels in interstate commerce and (3) who knowingly fail to register or update a registration as required by SORNA. 18 U.S.C.A. § 2250(a) (West 2007).

In his motion, the defendant asserts that the indictment should be dismissed for a variety of reasons including (1) the indictment should be dismissed because SORNA has not been effectively enacted in either Florida or South Carolina; (2) the indictment should be dismissed because the

application of SORNA to the defendant violates the Ex Post Facto clause of the United States Constitution; (3) the indictment should be dismissed because Congress is not authorized by the Commerce Clause, the Necessary and Proper Clause, or its Tax and Spend Power to compel a private citizen to register with a state for a purely local offense that has no connection to interstate commerce; (4) the indictment should be dismissed because it violates due process by failing to provide fair notice to persons convicted prior to July 27, 2006, and because the defendant did not, in fact, receive fair notice of the federal statutes; (5) the indictment should be dismissed because SORNA violates the non-delegation doctrine; (6) the indictment should be dismissed because SORNA encroaches on the states' sovereignty in violation of the Tenth Amendment and Article One, Section Eight, of the United States Constitution; and (7) the indictment should be dismissed because the Attorney General's regulation retroactively applying SORNA violates the Administrative Procedure Act because it was promulgated without notice and comment. The government opposes the motion in its entirety.

In conducting its review of this matter, the Court has carefully considered the cited case law and weighed varying analyzes in light of the arguments presented in connection with the issues raised by both the government and the defense. After careful consideration and much deliberation the Court concludes that (1) defendant's assertion that the indictment should be dismissed because SORNA has not been effectively enacted in either Florida or South Carolina is without merit; (2) SORNA does not violate the Ex Post Facto clause of the United States Constitution; (3) the enactment of SORNA does not exceed Congress' authority under the Commerce Clause, the Necessary and Proper Clause, or its Tax and Spend power; (4) the indictment does not violate due process based on lack of notice ; (5) SORNA does not violate the non-delegation doctrine; (6)

SORNA does not encroach on the states' sovereignty in violation of the Tenth Amendment and Article One, Section Eight, of the United States Constitution; and (7) the Attorney General's regulation retroactively applying SORNA does not violate the Administrative Procedure Act. In reaching the majority of these conclusions, the Court notes that it finds the case of United States v. Gould, 568 F.3d 459 (4th Cir. 2009) and its well reasoned analysis to be instructive.

In Gould, the Fourth Circuit Court of Appeals addressed five of the seven arguments raised by defendant here and concluded that SORNA applied to that defendant (defendant Gould) and that SORNA did not suffer from any constitutional infirmities alleged by defendant Gould.

Specifically, as to defendant's argument that the indictment should be dismissed because SORNA has not been effectively enacted in either Florida or South Carolina, the Gould decision forecloses this argument. In Gould, the defendant contended that he could not be prosecuted for failing to register under SORNA because Maryland had not yet implemented SORNA. The Fourth Circuit considered whether Gould's registration obligations under SORNA § 113(a), 42 U.S.C. § 16913(a), were contingent on Maryland's implementation of the Act. After a thorough analysis, the Fourth Circuit rejected defendant Gould's contention that SORNA's registration requirement did not apply to him because Maryland had not yet implemented SORNA's requirements. The Court concluded "that the requirement imposed on individuals to register is independent of the requirement imposed on the States to implement the enhanced registration and notification standards of SORNA. Accordingly, SORNA's requirement that a sex offender register applies whether registration would be accomplished through preSORNA registration facilities or under SORNA-compliant programs." Gould, 568 F.3d at 465-466. Accordingly, the Court finds this argument by defendant to be unpersuasive.

5

As to the defendant's argument that the indictment should be dismissed because the application of SORNA to the defendant violates the Ex Post Facto clause of the United States Constitution, the Gould Court also rejected this argument finding that:

> Gould's argument, however, rests on his contention that SORNA could not apply to him until Maryland implemented SORNA. Inasmuch as we reject this contention, we also reject his argument under the Ex Post Facto Clause. Gould was punished for *failing to register* during the period *after* SORNA was enacted, beginning at least as early as February 28, 2007, when the Attorney General issued his Interim Regulations clarifying that SORNA applied to pre-SORNA sex offenders. Because Gould was punished for his *conduct after enactment* of the SORNA provision criminalizing the conduct, his punishment does not violate the Ex Post Facto Clause.

Gould, 568 F.3d at 466 (4th Cir. 2009)

The Ex Post Facto Clause prohibits punishment of a defendant "for an act which was not punishable at the time it was committed." Weaver v. Graham, 450 U.S. 24, 28 (1981). The government asserts that as defendant Rogers was punished for his conduct after enactment of the SORNA provision criminalizing the conduct, his punishment does not violate the Ex Post Facto clause. After consideration of Gould, and the government's position, this Court agrees and finds that there is no violation of the Ex Post Facto clause.

As to the defendant's argument that the indictment should be dismissed because Congress is not authorized by the Commerce Clause, the Necessary and Proper Clause, or its Tax and Spend Power to compel a private citizen to register with a state for a purely local offense that has no connection to interstate commerce, the Gould Court rejected this position and after a lengthy discussion of the Commerce Clause in particular, found "no basis to support [defendant's] contention that § 2250(a), criminalizing his failure to register, violates the Commerce clause." Gould, 568 F.3d at 475 (4th cir. 2009). After review of defendant's argument in this case, the Court likewise finds this argument to be without sufficient merit based on the Gould analysis.

With regards to defendant's contention that the indictment should be dismissed because it violates due process by failing to provide fair notice to persons convicted prior to July 27, 2006, and because the defendant did not, in fact, receive fair notice of the federal statutes; the government asserts that this argument has also been rejected by the Fourth Circuit in Gould. For a defendant to be convicted of failing to register, he must "knowingly fail to register or update a registration as required by SORNA." 18 U.S.C. § 2250(a)(3). As a convicted sex offender, Rogers was required to register under the Sex Offender Registration and Notification Act. The government indicates that on February 23, 1995, South Carolina authorities advised Rogers of his requirement to register as a sex offender and that Florida authorities advised Rogers of the same on December 21, 2006. The government indicates that Rogers, like defendant Gould, argues that even though he knew he was violating state law by failing to register, he did not know that he was violating SORNA. According to the Fourth Circuit, this argument overlooks the fact that SORNA's criminal provision is not a specific intent law. In 18 U.S.C. § 2250(a), "knowingly" modifies "fails to register." There is no language requiring specific intent or a willful failure to register such that a defendant must know his failure to register violated federal law. See Bryan v. United States, 524 U.S. 184, 192-93 (1998) (noting that "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law" and that "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense"). In addition, the Gould Court reiterated that "as a general matter, ignorance of the law does not provide a defense, for the law presumes that every person knows the law...To assume otherwise would lead to the inability to enforce criminal provisions against persons not learned in the law or unaware of specific statutes." Gould, 568 F.3d at 468 (citing Cheek v. United States, 498 U.S. 192 (1991)). The Court finds the government's position to be sufficiently persuasive and concludes that these circumstances do not indicate that defendant's due process rights, based on lack of notice, have been violated.

7

With respect to defendant's argument that the indictment should be dismissed because the Attorney General's regulation retroactively applying SORNA violates the Administrative Procedure Act because it was promulgated without notice and comment, the Court finds this argument to be without merit. This argument was addressed by the Fourth Circuit in Gould.

> The APA requires that notice of a proposed rule be given by publication in the Federal Register, 5 U.S.C. § 553(b), and that publication be accomplished in accordance with law "not less than 30 days before [the rule's] effective date, except ... as otherwise provided by the agency for good cause found and published with the rule," *id.* § 553(d)(3). If the agency relies on the good cause exception, it must include a "brief statement" for finding that the notice and service are "impracticable, unnecessary, or contrary to the public interest." *Id.* § 553(b)(B). Judicial review requires that the good cause exception be construed narrowly. *See Utility Solid Waste Activities Group v. EPA,* 236 F.3d 749, 754 (D.C.Cir.2001).
>
> In this case, the Attorney General issued the Interim Regulations on February 28, 2007, without notice and comment, invoking the good cause exception. 72 Fed.Reg. at 8896-97. The Attorney General explained:
>
> The immediate effectiveness of this rule is necessary to eliminate any possible uncertainty about the applicability of the Act's requirements-and related means of enforcement, including criminal liability under 18 U.S.C. § 2250 for sex offenders who knowingly fail to register as required-to sex offenders whose predicate convictions predate the enactment of SORNA. Delay in the implementation of this rule would impede the effective registration of such sex offenders and would impair immediate efforts to protect the public from sex offenders who fail to register through prosecution and the imposition of criminal sanctions. The resulting practical dangers include the commission of additional sexual assaults and child sexual abuse or exploitation offenses by sex offenders that could have been prevented had local authorities and the community been aware of their presence, in addition to greater difficulty in apprehending perpetrators who have not been registered and tracked as provided by SORNA. This would thwart the legislative objective of "protect[ing] the public from sex offenders and offenders against children" by establishing "a comprehensive national system for the registration of those offenders," SORNA § 102, because a substantial class of sex offenders could evade the Act's registration requirements and enforcement mechanisms during the pendency of a proposed rule and delay in the effectiveness of a final rule. *Id.*
>
> In the circumstances, we conclude that the Attorney General had good cause to invoke the exception to providing the 30-day notice. There was a need for legal certainty about SORNA's "retroactive" application to sex offenders convicted before SORNA and a concern for public safety that these offenders be registered in accordance with SORNA as quickly as possible. Delaying implementation of the regulation to accommodate notice and comment could reasonably be found to put the public safety at greater risk. In addition, the Attorney

General did provide for and receive post-promulgation public comments, which were addressed in the proposed National Guidelines issued in May 2007 and ultimately in the final National Guidelines issued in July 2008. *See* 72 Fed.Reg. at 8896 (Feb. 28, 2007); 72 Fed.Reg. 30210 (May 30, 2007); 73 Fed.Reg. 38030 (July 2, 2008).

U.S. v. Gould 568 F.3d at 469-470 (4th Cir. 2009).

In light of the discussion and reasoning in Gould, this Court finds this argument to be without merit.

As to defendant's argument that the indictment should be dismissed because SORNA violates the non-delegation doctrine, this Court finds this argument to be without merit. The nondelegation doctrine provides that "Congress generally cannot delegate its legislative power to another branch." United States v. Mistretta, 488 U.S. 361, 372 (1989). However, some amount of delegation is unavoidable, and the limits on delegation are frequently stated, but rarely invoked. See U.S. v. Whaley, 577 F.3d 254 (5th Cir. 2009) (citing Panama Ref. Co. v. Ryan, 293 U.S. 388 (1935); ALA Schechter Poultry Corp. v. United States, 295 U.S. 495 (1935)). The modern test is whether Congress has provided an "intelligible principle" to guide the agency's regulations. See Mistretta, 488 U.S. at 372, see also Am. Power & Light Co. v. SEC, 329 U.S. 90, 105 (1946) (stating that delegation is "constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority"). The intelligible principle can be broad. See U.S. v. Whaley, 577 F.3d 254 (5th Cir. 2009) (citing Yakus v. United States, 321 U.S. 414 (1944) (upholding a delegation to fix commodity prices that are "generally fair and equitable and will effectuate the purposes of this Act"); Nat'l Broadcasting Co. v. United States, 319 U.S. 190 (1943) (upholding a delegation to regulate in the "public interest")).

The delegation to the Attorney General to determine the retroactive applicability of SORNA is well within the limits of permissible delegation. SORNA's statement of purpose, to "establish[ ] a comprehensive national system" of sex offender registration to "protect the public from sex offenders and offenders against children," 42 U.S.C. § 16901, is an intelligible principle that guides

the Attorney General in exercising his discretion. See U.S. v. Whaley, 577 F.3d 254 (5th Cir. 2009). Moreover, the authority delegated is relatively small. See id. (citing Ambert, 561 F.3d at 1214 ("Congress made virtually every legislative determination in enacting SORNA, which has the effect of constricting the Attorney General's discretion to a narrow and defined category")). Accordingly, the Court rejects defendant's nondelegation challenge to SORNA.

Finally, with respect to the defendant's argument that the indictment should be dismissed because SORNA encroaches on the states' sovereignty in violation of the Tenth Amendment and Article One, Section Eight, of the United States Constitution, the Court is not persuaded that SORNA results in an encroachment of federal power upon state sovereignty. The government contends that the states are not required to collect information concerning sex offenders' failure to register; rather, the states are being encouraged to collect information to be maintained by the federal government. If the states fail or refuse to implement SORNA, the states are subject to a reduction of funding provided for implementation of the act. *See* Section 125 of the Adam Walsh Protection and Safety Act of 2006. The government notes that merely encouraging the states to decide whether to endorse federal policy does not violate the principals of federalism. See LacCourte Oreilles Bank of Lake Superior Chippewa Indians of Wisconsin v. United States, 367 F.3d 650, 663 (7th Cir. 2004). The Court finds the government's position to be persuasive and finds no Tenth Amendment violation. See United States v. O'Dell, 2009 WL 1347141 (N.D.N.Y. 2009).

After careful consideration, this Court concludes that defendant's Motion to Dismiss should be **DENIED**. (Doc. # 77). **IT IS SO ORDERED**.

                                                                   s/ Terry L. Wooten
April 23, 2010                                      TERRY L. WOOTEN
Florence, SC                                   UNITED STATES DISTRICT JUDGE